# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

WILLIAM A.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:18-CV-05665-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide specific, legitimate reasons, supported by substantial evidence, to discount opinion evidence from Dr. William D. Weiss, Ph.D.; Dr. Holly Petaja, Ph.D.; and Dr. David T. Morgan, Ph.D. Had the ALJ properly considered this medical opinion evidence, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's errors

are therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On July 15, 2015, Plaintiff filed an application for SSI, alleging disability as of September 5, 2008. *See* Dkt. 9, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. ALJ S. Pines held a hearing on April 12, 2017. AR 29-44. In a decision dated August 10, 2017, the ALJ determined Plaintiff to be not disabled. AR 12-28. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly consider medical opinion evidence from Drs. Weiss, Petaja, and Morgan, as well as treatment notes from Dr. Jennifer McDonald, M.D., and other treating sources; (2) state clear and convincing reasons to discount Plaintiff's subjective symptom testimony and germane reasons to discount lay witness testimony from Plaintiff's case manager, Pam Hunt; and (3) provide an RFC assessment and Step Five findings supported by substantial evidence. Dkt. 13, pp. 3-18. Plaintiff requests the Court remand this matter for an award benefits. *Id.* at pp. 18-19.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.  Whether the ALJ properly assessed the medical opinion evidence.**

Plaintiff challenges the ALJ's consideration of medical opinion evidence from Drs. Weiss, Petaja, Morgan, McDonald, and treatment notes from several treating sources. Dkt. 13, pp. 3-12.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  Drs. Weiss and Petaja

Plaintiff first asserts the ALJ improperly considered medical opinion evidence from Drs. Weiss and Petaja. Dkt. 13, pp. 3-6.

On July 20, 2014, Dr. Weiss conducted a psychological/psychiatric evaluation of Plaintiff. AR 241-45. Dr. Weiss's evaluation included reviewing social service case notes on Plaintiff and conducting a clinical interview and mental status examination. *See* AR 241-45. Dr. Weiss described several clinical findings in his report, such as about Plaintiff's manic episodes

and depression. *See* AR 242. Dr. Weiss diagnosed Plaintiff with Bipolar I Disorder, "severe, with psychotic features,"; polysubstance dependence; and borderline personality disorder. *See* AR 243.

Dr. Weiss opined Plaintiff is moderately limited in his ability to perform routine tasks without special supervision, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, and set realistic goals and plan independently. AR 244. Further, Dr. Weiss determined Plaintiff has marked limitations in several areas of basic work activities, such as in his ability to understand, remember, and persist in tasks by following very short and simple instructions; learn new tasks; adapt to changes in a routine work setting; and ask simple questions or request assistance. AR 243-44. Dr. Weiss found Plaintiff markedly impaired in his ability to communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 244. Lastly, Dr. Weiss opined Plaintiff is severely limited in two areas of basic work activities: the ability to understand, remember, and persist in tasks by following detailed instructions; and the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. AR 244.

On November 17, 2014, Dr. Petaja conducted a review of the record in this matter. AR 353-55. Dr. Petaja determined Plaintiff has diagnoses of bipolar disorder and borderline personality disorder. AR 355. Dr. Petaja opined Plaintiff is significantly limited in his ability to learn new tasks, adapt to changes in a routine work setting, make simple work-related decisions, and set realistic goals and plan independently. AR 354. Dr. Petaja found Plaintiff has several marked limitations, including in his ability to understand, remember, and persist in tasks by

following very short and simple instructions; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; and perform routine tasks without special supervision. AR 354. Additionally, Dr. Petaja found Plaintiff markedly limited in his ability to be aware of normal hazards and take appropriate precautions, ask simple questions, or request assistance, and communicate and perform effectively in a work setting. AR 354. Dr. Petaja also determined Plaintiff has marked limitations in his ability to maintain appropriate behavior in a work setting and complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 354. Finally, Dr. Petaja opined Plaintiff is severely limited in his ability to understand, remember, and persist in tasks by following detailed instructions. AR 354.

The ALJ summarized and discounted the opinion evidence from Drs. Weiss and Petaja together, assigning each of their opinions "less weight than the State agency assessments." AR 22. The ALJ noted:

> (1) They were provided prior to the application date (2) and evidence reflects improved functioning. In January 2017, the claimant reported he had gotten over the fear that someone was chasing him and he was not as fearful of being in public. Medications were described as highly effective. Clean date was September 26, 2014. On mental status exam, concentration was slightly impaired. Mood and affect were average. Insight was fair. Thought content was logical.

AR 22 (citing AR 764-68).

First, the ALJ remarked the opinion evidence from Drs. Weiss and Petaja was rendered "prior to the application date[.]" AR 22. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (citing *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)). But an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759

F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct.

*Embrey,* 849 F.2d at 421.

In this case, the ALJ noted that Drs. Weiss and Petaja rendered their opinions prior to Plaintiff's application date. AR 22. The ALJ failed to explain, however, how this fact makes their opinions less persuasive. *See* AR 22; *Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings"). Given the conclusory nature of the ALJ's statement, this is not a specific, legitimate reason, supported by substantial evidence, to reject the opinion evidence from Drs. Weiss and Petaja. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

Defendant contends this was sufficient reason to reject Drs. Weiss's and Petaja's opinions because this is an SSI claim, and as such, Plaintiff's alleged onset date of disability is the same as his application date. Dkt. 19, p. 4; *see also* 20 C.F.R. § 416.335 (on an SSI claim, "the earliest month for which [the SSA] can pay . . . benefits is the month following the month [he] filed the application"). The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation marks and citation omitted). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning

and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (emphasis in original) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (other citation omitted).

Here, the ALJ discounted the opinion evidence from Drs. Weiss and Petaja because it was rendered prior to the date Plaintiff applied for SSI. *See* AR 22. The ALJ did not, as Defendant argues, discount these opinions because they were rendered prior to Plaintiff's alleged onset date of disability. Instead, the ALJ's decision makes a distinction between these two dates, noting that Plaintiff applied for disability on July 15, 2015 but alleged disability beginning September 5, 2008. *See* AR 15. Accordingly, the Court cannot affirm on Defendant's *post hoc* reasoning.

Second, the ALJ discounted the opinion evidence from Drs. Weiss and Petaja because "evidence reflects improved functioning." AR 22. An ALJ may properly reject a physician's opinion which is inconsistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) (the more consistent an opinion is with the record as a whole, the more weight it will be given); *see also Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 602-03 (9th Cir. 1999) (a medical report's inconsistency with the overall record constitutes a legitimate reason for discounting the opinion). Yet as explained above, the ALJ must provide her interpretations of the evidence and explain why those interpretations, rather than the physician's interpretations, are correct. *See Embrey,* 849 F.2d at 421.

In this case, while the ALJ described observations from one record, she failed to provide her interpretation of the evidence and explain how these observations undermine Dr. Weiss's and Dr. Petaja's opinions. *See* AR 22. For example, though the ALJ remarked that the later record

indicated Plaintiff "had gotten over the fear that someone was chasing him" and that Plaintiff had a "[c]lean date" of September 25, 2014, the ALJ failed to explain how these facts undermine the opinion evidence from Drs. Weiss and Petaja. *See* AR 22. The ALJ "merely states" these facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings [she] rejects." *Embrey,* 849 F.2d at 421. Thus, this is not a specific, legitimate reason, to discount the weight assigned to Dr. Weiss's and Dr. Petaja's opinions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *see also Garrison*, 759 F.3d at 1012-13 (an ALJ "errs when [she] rejects a medical opinion or assigns it little weight while . . . asserting without explanation that another medical opinion is more persuasive").

      The ALJ failed to provide any specific and legitimate reason, supported by substantial evidence, for discounting the opinion evidence from Drs. Weiss and Petaja. Therefore, the ALJ erred.

      Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment"

by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'"

Here, the RFC and the hypothetical questions posed to the vocational expert ("VE") may have included additional limitations with proper consideration of Dr. Weiss's and Dr. Petaja's opinions. For example, the RFC and hypothetical questions may have reflected Dr. Weiss's opinion that Plaintiff is markedly limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. *See* AR 244. The RFC and hypothetical questions may have also contained greater social limitations in light of the opinion evidence from Drs. Weiss and Petaja. *See* AR 244, 354. Because the ultimate disability determination may have changed with proper consideration of the evidence from Drs. Weiss and Petaja, the ALJ's errors are not harmless and require reversal. The ALJ is directed to reassess the opinions of Drs. Weiss and Petaja on remand.

B. Dr. Morgan

Plaintiff asserts the ALJ failed to properly consider medical opinion evidence from Dr. Morgan. Dkt. 13, pp. 6-7.

Dr. Morgan conducted a psychological/psychiatric evaluation of Plaintiff on May 21, 2015. AR 408-12. Dr. Morgan's evaluation included reviewing some of Plaintiff's records, conducting a clinical interview, and performing a mental status examination. *See* AR 408-12. Dr. Morgan determined Plaintiff has diagnoses of major depressive disorder, recurrent, severe with psychotic features; polysubstance dependence; and borderline personality disorder. AR 409.

Dr. Morgan opined Plaintiff has numerous marked and severe limitations in his ability to conduct basic work activities. *See* AR 410. For instance, Dr. Morgan found Plaintiff markedly impaired in his ability to learn new tasks, perform routine tasks without special supervision, and

make simple work-related decision. AR 410. Dr. Morgan determined Plaintiff has marked limitations in his ability to be aware of normal hazards and take appropriate precautions, set realistic goals and plan independently, and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. AR 410. Additionally, Dr. Morgan opined Plaintiff is severely limited in his ability to adapt to changes in a routine work setting, ask simple questions or request assistance, and communicate and perform effectively in a work setting. AR 410. Dr. Morgan also determined Plaintiff is severely limited in his ability to maintain appropriate behavior in a work setting, and complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 410. In all, Dr. Morgan rated Plaintiff's overall severity as marked. AR 410.

The ALJ assigned "little weight" to Dr. Morgan's opinion for three reasons:

> (1) [The opinion] is inconsistent with the examination findings. On mental status exam, thought process, memory and fund of knowledge were intact. He had some difficulties with concentration and abstract thought and insight and judgment appeared less than adequate but affect and speech were normal. Dr. Morgan stated the claimant appeared to be somewhat dramatic in his presentation and seemed to be slightly invested in appearing mentally ill. (2) The assessment of Dr. Morgan was prior to the application date. (3) Evidence reflects improved mental functioning. In September 2015, the claimant reported his depression was not nearly as bad. He had been working on his truck and rode his bike every day.

AR 22 (numbering added) (citations omitted).

First, the ALJ discounted Dr. Morgan's opinion because she found it inconsistent with Dr. Morgan's examination. AR 22. An ALJ may reject an opinion that is "inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). Yet in this case, the ALJ again provided conclusory reasoning, as she failed to explain how any of the findings she described undermine Dr. Morgan's opined limitations. *See* AR 22; *Embrey*, 849 F.2d at 421 (emphasis added) ("To say that medical

opinions . . . are contrary to the preponderant conclusions . . . does not achieve the level of specificity our prior cases have required, *even when the objective factors are listed seriatim.*").

Moreover, the ALJ's reasoning fails to account for the abnormal findings in Dr. Morgan's examination. For instance, Dr. Morgan found Plaintiff not within normal limits in the mental status examination on concentration, abstract thought, and insight and judgment. AR 412. Dr. Morgan observed Plaintiff had a depressed mood. AR 411. In his clinical findings, Dr. Morgan noted Plaintiff experiences "emotional instability" and depression on a daily basis, each at a "marked to severe severity." AR 409. Although the ALJ described some of these abnormal findings in her decision, her conclusion that Dr. Morgan's opinions lacks support overlooks these findings. Thus, the ALJ's first reason for discounting Dr. Morgan's opinion is not sufficiently specific nor supported by substantial evidence. *See Reddick*, 157 F.3d at 722-23 ("In essence, the ALJ developed [her] evidentiary basis by not fully accounting for the context of materials or all parts of the . . . reports. [Her] paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

Second, the ALJ rejected Dr. Morgan's opinion because Dr. Morgan rendered it "prior to the application date." AR 22. As explained with respect to the opinion evidence from Drs. Weiss and Petaja, this reason is not sufficiently specific, as the ALJ failed to explain how Dr. Morgan rendering his opinion prior to Plaintiff's application date undermines the opinion. Therefore, the ALJ erred. *See Reddick*, 157 F.3d at 725 (an ALJ can provide specific and legitimate reasons "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings"); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical

bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Third, the ALJ rejected Dr. Morgan's opined limitations because the record "reflects improved mental functioning." AR 22. Once again, however, the ALJ provided conclusory reasoning. While the ALJ described some observations from a treatment note in September 2015, she failed to explain *how* any of those observations – such as that Plaintiff "rode his bike every day" – undermine Dr. Morgan's opinion. *See* AR 22. Further, the ALJ's reasoning necessarily gave greater weight to these later treatment notes without explanation as to why they were more persuasive than Dr. Morgan's observations and findings. *See Garrison*, 759 F.3d at 1012-13 ("An ALJ errs when [she] rejects a medical opinion or assigns it little weight while . . . asserting without explanation that another medical opinion is more persuasive."). Accordingly, the ALJ's conclusory statement about one treatment note is insufficient to reject Dr. Morgan's opined limitations.

The ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, to reject Dr. Morgan's opinion. The RFC and hypothetical questions posed to the VE may have contained greater limitations with proper consideration of Dr. Morgan's opinion. Hence, the ALJ's errors were not harmless. The ALJ shall re-evaluate Dr. Morgan's opinion on remand.

C. <u>Dr. McDonald and Other Treating Sources</u>

Moreover, Plaintiff argues the ALJ failed to properly assess treatment notes from Dr. McDonald and other treating sources. Dkt. 13, pp. 7-12. Specifically, Plaintiff summarizes treatment notes from Dr. McDonald containing diagnoses and observations of Plaintiff and summarily asserts these notes show Plaintiff "is limited to sedentary work." *Id.* at pp. 7-8.

Plaintiff also provides a four page summary of other treatment notes, and concludes, without explanation, the ALJ "could have a reached a different disability determination" with proper consideration of these treatment notes. *Id.* at pp. 8-12.

Given the conclusory nature of Plaintiff's assertions, the Court finds Plaintiff failed to demonstrate the ALJ committed harmful error on any these sources. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his substantial rights.'"); *see also Carmickle*, 533 F.3d at 1161 n.2 (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

But in any event, the Court has found the ALJ erred in her consideration of the medical opinion evidence from Drs. Weiss, Petaja, and Morgan. As such, the ALJ shall re-evaluate all of the medical opinion evidence on remand, as necessitated by her new evaluation of Drs. Weiss, Petaja, and Morgan.

**II.     Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony and the lay witness testimony.**

Plaintiff alleges the ALJ failed to provide legally sufficient reasons to discount the weight given to Plaintiff's testimony and lay witness testimony from Ms. Hunt. Dkt. 13, pp. 12-17. The Court has directed the ALJ to reassess the medical opinion evidence on remand. *See* Section I., *supra*. As Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony and the lay witness opinions, the ALJ shall reconsider Plaintiff's subjective symptom testimony and the testimony from Ms. Hunt on remand.

### III. Whether the RFC and Step Five findings are supported by substantial evidence.

Plaintiff maintains the RFC and Step Five findings are not supported by substantial evidence. Dkt. 13, pp. 18-19.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess the medical opinion evidence, Plaintiff's testimony, and the lay testimony on remand. *See* Sections I.-II., *supra*. Hence, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

### IV. Whether this case should be remanded for an award of benefits.

Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 13, pp. 18-19.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to re-evaluate the medical opinion evidence, Plaintiff's testimony, and the lay witness testimony. Because outstanding issues remain regarding the medical evidence, Plaintiff's testimony, lay witness testimony, the RFC, and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 24th day of June, 2019.

David W. Christel
United States Magistrate Judge